# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

1. **BACKGROUND.** This Settlement Agreement and General Release ("Agreement") is made by and between April Guilder ("Guilder") and Delanor, Kemper & Associates, LLC ("DKA"). On July 13, 2010, Guilder filed a complaint against DKA in the United States District Court for the Northern District of New York (8:10-cv-844) alleging that DKA violated the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692 *et seq* while attempting to collect a debt from Plaintiff. DKA denies any wrongdoing. To avoid the uncertainty of litigation, and without admitting or denying the validity of the potential claims and potential defenses that could be asserted by each other, Guilder and DKA ("Parties") have entered into this Agreement.

**THEREFORE**, in consideration of the foregoing, and of the promises contained herein, the Parties agree as follows:

2. **PAYMENT.** To resolve this dispute, DKA shall pay to Guilder the total sum of Four Thousand Two Hundred and Fifty and 00/100 dollars ($4,250.00). This sum shall be paid in two installments of $2,125 each by checks made payable to "Legal Helpers – FDCPA" and tendered to Guilder's attorneys at Legal Helpers, P.C., 233 S. Wacker Drive, Suite 5150, Chicago, IL 60606 no later than October 8, 2010 and November 8, 2010 respectively.

3. **RELEASE.** In exchange for payment as set forth above, Guilder, for herself and on behalf of her heirs and assigns, does hereby remise, release and

forever discharge DKA, its parent, subsidiary, sister and affiliate companies or divisions, and their officers, directors, shareholders, members, limited and general partners, present and former employees, predecessors, successors, assigns, attorneys, principals, agents, affiliates and insurers (hereinafter collectively "Released Parties") of and from all claims of any kind against the Released Parties which were asserted or could have been asserted from the beginning of the world to the date hereof.

4. **EXECUTION IN COUNTERPARTS.** This Agreement may be executed in counterparts, each with the full force and effect of an original document. Similarly, a facsimile or copy of this Agreement will carry the same full force and effect of the original.

5. **ENTIRE AGREEMENT.** The Parties agree and each represent that each has read and fully understand the terms of this Agreement. The Parties agree and represent that no promise, inducement, or agreement not expressed in this Agreement has been made by any of the Parties. The Parties agree and represent that this Agreement contains the entire agreement between them and may not be modified or supplemented except by a writing signed by the Parties. The Parties agree and represent that the terms of this agreement are contractual and not a mere recital.

6. **CONFIDENTIALITY.** Guilder agrees that she will not disclose any information regarding this Agreement or the substance or subject matter hereof to any person, firm, corporation, or other entity, orally or in writing, except as is

necessary to comply with applicable laws and regulations, court orders or other process of law.

7.  **ENFORCEMENT.** The parties agree that should either of the Parties file an action to enforce this agreement, said party shall be entitled to recover attorney's fees and costs if said action results in a settlement or judgment in their favor.

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the dates below.

_____
April Guilder
Date 9/13/10

Delanor, Kemper & Associates, LLC
By _____
Its President
Date 10/25/10